WORLD EXCHANGE BANK, Appellant, v. ISIDORE GOLDSMITH and Others, Copartners Doing Business under the Firm Name and Style of GOLDSMITH BROS. & STERN and Others, Respondents, Impleaded with THEODORE FICKE, Appellant.

First Department, November 29, 1929.

*Harold R. Medina* of counsel [*Eugene A. Sherpick* and *William Gilbert* with him on the brief; *Benjamin F. Schreiber*, attorney], for the defendant, appellant.

*Max E. Greenberg* of counsel [*Meyer Greenberg*, attorney], for the plaintiff.

*John Caldwell Myers* of counsel [*Benjamin F. Schreiber* and *Harold M. Hoffman* with him on the brief; *Benjamin F. Schreiber*, attorney], for the defendants, respondents.

McAvoy, J.   Plaintiff sued to recover for the conversion of 3,000 bags of granulated sugar, represented by two warehouse receipts each covering 1,500 bags.   The receipts were given to plaintiff by Federal Food Stores, Inc., as collateral security for a loan of $15,000.   The sugar was stored in Warehouse No. 5 of the defendant Ficke.

Plaintiff contends that the receipts covered two specific piles of sugar which were removed by the defendant Ficke on the barge *Peerless* and sold to the defendants Goldsmith Bros. & Stern who have refused to return the same.

In December, 1924, Federal Food Stores, Inc., applied to the plaintiff for a loan of $15,000 for which its note for three months would be given secured by two certain warehouse receipts for 1,500 bags each of granulated sugar then stored in the Ficke warehouses.

Plaintiff contends that after the loan was made, its vice-president, Morris Gurin, visited the Ficke warehouse, and one Clifford, the foreman, there showed him two piles of sugar which were stated to contain the three thousand bags covered by the two receipts.   Gurin testified that when the sugar was pointed out he marked twenty bags in each pile with the initials " W. E. B." so as to appropriate the two specific piles out of the numerous bags of sugar in the warehouse to the ownership of the plaintiff.

Defendant proved that in his demand for a bill of particulars he requested the plaintiff to state whether there were any identifying marks upon the 3,000 bags of sugar; and, in response to this demand, plaintiff in its bill of particulars made the following statement: " 1. There were no identification marks on the bags."

Gurin also testified to having made two other visits to the warehouse subsequent to December 3, 1924, and on each occasion he saw the two piles of sugar which he had previously marked for identification. He said he counted the bags on each occasion.

On April 16, 1925, plaintiff heard of the impending failure of Federal Food Stores, Inc., and Vice-President Gurin of plaintiff bank called at the warehouse to remove the sugar, i. e., the two piles which he claims had been set aside for the plaintiff. Mr. Gurin made a demand for the delivery of the 3,000 bags of sugar belonging to plaintiff, but they were missing from the place where he had previously seen them. A reading of the record shows the following conversation had between plaintiff's vice-president and Clifford, defendant Ficke's foreman, on April 16, 1925: " Q. Then did you speak to Mr. Ficke about it [missing sugar]? A. I saw Clifford. I said, ' What happened to the sugar?' I was very excited. He said, ' What do you mean — what happened to the sugar? I don't know anything about it.' I was running straight to the bank, and then I saw our attorney."

The only demand ever made for the sugar was made of the defendant Nathan Goldsmith on June 11, 1925, or two months after the day when the plaintiff's vice-president called for its sugar and found the two piles, said to have been marked as appropriated by it, absent from their place in the warehouse.

Upon the trial the plaintiff attempted to prove that the sugar supposedly segregated to the plaintiff's use had been removed from the warehouse by the defendant Theodore Ficke on the 16th day of April, 1925, when, as it appeared, 4,500 bags of sugar had been loaded onto a barge known as the *Peerless*, and had been delivered to the defendants Goldsmith Bros. & Stern.

The record demonstrates that the fusion of bags of granulated sugar by the defendant Ficke was done with the acquiescence of the Federal Food Stores, Inc., which had been doing business with the Theodore Ficke warehouses for a year. During that time a large number of bags of granulated sugar were deposited in the warehouse by the Federal Food Stores, Inc., and they were delivered against warehouse receipts. The receipts which plaintiff held did not specify any particular 3,000 bags, and the receipts do not show any identifying mark setting aside such a quantity for the plaintiff.

The 3,000 bags, to which the plaintiff was entitled under the warehouse receipts, were fungible goods* and had been commingled with other bags of sugar in the warehouse belonging to other interests. Plaintiff failed to establish that it was entitled to

* See Pers. Prop. Law, §§ 87, 156, as added by Laws of 1911, chap. 571.— [REP.

3,000 specific bags of sugar; therefore, it failed to prove that the 4,500 bags delivered by Ficke to defendant Goldsmith Bros. & Stern contained their specific property.

Defendant Goldsmith Bros. & Stern purchased 4,500 bags of sugar through a broker, at twenty cents below the market price on April 15, 1925; paid cash therefor, and defendant Ficke delivered 4,500 bags of sugar to them upon the presentation of warehouse receipts calling for that quantity. The receiver for the Federal Food Stores, Inc., did not take over the goods on hand in Ficke's warehouse until April 18, 1925. We find with the trial court that Goldsmith Bros. & Stern were purchasers in good faith.

Defendant Ficke also proved that at the time Gurin called at the warehouse (April 16, 1925) looking for the supposed 3,000 bags of sugar which had been segregated for the plaintiff, there were over 50,000 bags of sugar in various parts of the warehouse.

At the trial certain testimony was given concerning the issuance of spurious warehouse receipts. While this evidence could be received to show the lack of credibility of the witness Ficke, it was not material to the pleaded issue. But the learned trial court in his findings and judgment reached a conclusion based on such evidence which permitted recovery against Theodore Ficke upon an issue not pleaded nor proven.

Defendant Ficke admitted on the stand that he had issued some spurious warehouse receipts, but he did not testify that they covered sugar. He admitted that receipts of that character covered other goods.

The trial court held that the alleged issuance of spurious receipts against sugar resulted " in there not being enough sugar in the warehouse to meet the demands of receipt holders including plaintiff."

There is nothing in the record to show that at the date of the plaintiff's alleged demand for its 3,000 bags of sugar, or, for that matter, at any time subsequent thereto, there was not available for distribution among original receipt holders sufficient sugar to meet each and every receipt in amount at any time outstanding. The record contains no evidence establishing the issuance of spurious receipts against sugar, and is wanting in evidence establishing a depletion of the available supply because of the alleged issuance of the same, and no testimony to establish to what extent, if any, such supply was depleted.

The judgment against Theodore Ficke is not in accordance with the pleadings and with the issues presented upon the trial, and a new trial as to his liability should accordingly be ordered.

The judgment in so far as appealed from by the plaintiff should

be affirmed, with costs to the defendants, respondents. The judgment so far as appealed from by the defendant Theodore Ficke should be reversed and a new trial granted, with costs to said appellant against the plaintiff to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment so far as appealed from by defendant Theodore Ficke reversed and a new trial ordered, with costs to said appellant against plaintiff to abide the event. Judgment so far as appealed from by the plaintiff affirmed, with costs to the defendants, respondents.